IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTWAN BERNARD PARKER,       )
                             )
            Plaintiff,       )
                             )
     v.                      )     1:24CV1116
                             )
WARDEN HERNANDEZ, et al.,    )
                             )
            Defendants.      )

## MEMORANDUM ORDER

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on January 9, 2025, was served on the parties in this action. (Docs. 4, 5.) On January 27, 2025, Plaintiff filed an objection to the Order and Recommendation within the prescribed time limit. (Doc. 6.) On February 7, 2025, Plaintiff filed an amended complaint. (Doc. 7.) The court has appropriately reviewed the portions of the Magistrate Judge's Order and Recommendation to which objection was made and has made a de novo determination, which is in accord with the Magistrate Judge's Order and Recommendation. The court therefore adopts the Magistrate Judge's Order and Recommendation.

I.  **LEGAL STANDARD**

A district court may designate a Magistrate Judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial

matters, including motions to dismiss.  28 U.S.C. § 636(b)(1)(B).  Any party may object to the Magistrate Judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id. § 636(b)(1)(C).  The Court need not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the [M]agistrate[ Judge's] proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

## II. BACKGROUND

No party has objected to the Magistrate Judge's summary of the background of this case.  (See Doc. 4 at 1.)  Therefore, the court adopts the facts as set forth in the Order and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) (explaining the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge to which no objections have been raised).

## III. ANALYSIS

### A.  Plaintiff's Tolling-Related Objections.

In his Objection, Plaintiff states that he objects to the

2

Order and Recommendation

> because I feel my toll shall have not started until I was released [from prison,] which was 10-26-2023. And the reason it took me so long to file a 1983 claim is because I wasn't aware of it until I filed a tort claim with the Industrial Commission [and] it was dismissed without prejudice because I put the Judge [and] D.A. names in it, and I also mention my constitutional rights that was violated [and] that[']s when I was told about the 1983 claim.[1]

(Doc. 6 at 1-2.) Plaintiff goes on to state, "I know and understand that my claim should be barred by the statute of limitations;" but then claims that two North Carolina state-court cases (Horton v. Carolina Medicorp, Inc., 460 S.E.2d 567 (N.C. Ct. App. 1995), rev'd, 472 S.E.2d 778 (N.C. 1996), and House of Raeford Farms, Inc. v. State ex rel. Env't Mgmt. Comm'n, 449 S.E.2d 453 (N.C. 1994)), prove that his "claim should be heard with the exception of these cases [and] me not being aware of the three-year statute of limitation for personal injuries." (Doc. 6 at 2.)

The court construes the above as an argument by Plaintiff that his lateness in filing this action should be excused pursuant to the doctrine of equitable tolling.[2] "[P]rinciples of equitable

---

[1] Some capitalization changed to improve readability.

[2] Although "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine the requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citation modified) (dismissing pro se complaint).

3

tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). "The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court." Delcid v. Isabella, Civ. No. MJM-20-3167, 2022 WL 17342048, at *2 (D. Md. Nov. 30, 2022) (citation modified). The doctrine "turns on the facts and circumstances of a particular case [and] does not lend itself to bright-line rules." Harris, 209 F.3d at 330 (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). It is meant to be a "rare remedy available only where the plaintiff has 'exercise[d] due diligence in preserving [his] legal rights.'" Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014) (first alteration in original) (quoting Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002)). As a result, the "circumstances under which equitable tolling has been permitted are . . . quite narrow." Chao, 291 F.3d at 283.

Plaintiff essentially argues that his status as a prisoner and his lack of awareness of the law should have tolled the statute of limitations for his action here. However, "one's status as an unrepresented prisoner does not constitute grounds for equitable tolling." Huneycutt v. Neely, No. 12CV1052, 2013 WL 1703561, at *6 (M.D.N.C. Apr. 19, 2013) (collecting cases); see also Cadet v.

4

United States, No. 09-CR-44, 2012 WL 4854381, at *4 (E.D. Va. Oct. 11, 2012) ("Reliance on the difficulties inherent in prison life . . . is insufficient to demonstrate equitable tolling."). Furthermore, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Clark v. United States, No. 18-CV-00453, 2019 WL 2057276, at *2 (W.D.N.C. May 9, 2019) (same). Thus, the application of equitable tolling to excuse Plaintiff's late filing is unwarranted.

Moreover, neither of the cases cited by Plaintiff provides any support for his objection. The "threshold issue" in Horton was "whether the continued course of treatment doctrine applies in medical malpractice actions against hospitals." Horton, 460 S.E.2d at 569. There, the court determined that the doctrine does in fact apply in such cases, but ultimately found that "mere continuity of the hospital-patient relationship, standing alone, is insufficient to toll the statutory limitations period pursuant to the continuing course of treatment doctrine." Id. at 570. On appeal, the Supreme Court of North Carolina reversed, holding that the doctrine tolls the statute of limitations until correction of the consequences of the negligent act. Horton v. Carolina Medicorp, Inc., 472 S.E.2d 778, 781 (N.C. 1996). Here, in the "Injuries" section of his complaint, Plaintiff wrote the following:

5

> Excision cyst left ankle, idiopathlo [sic] gout, left
> ankle & foot, cellulitis of left lower limb, localized
> swelling, mass & lump, xerosis cutis.  I was treated &
> giv[en] medication for gout when I never had gout, I had
> a skin infection.  So I was diagnosed & treated for gout,
> when I had a skin infection called cellulitis & that
> caused me to have surgery.

(Doc. 2 at 5.)  Plaintiff's Affidavit in support of his complaint makes no mention of any injuries or medical procedures and does not otherwise state anything in support of these conclusory allegations. (Doc. 3.)  Plaintiff did not bring a medical malpractice action and made no argument for application of the continued course of treatment doctrine.  Thus, Horton is inapposite.

In House of Raeford Farms, the North Carolina Supreme Court held that the time limit for filing a petition of review challenging assessment by the Environmental Management Commission of civil penalties for violating interim effluent limitations in a consent decree was tolled by the Superior Court's erroneous assertion of jurisdiction.  House of Raeford Farms, 449 S.E.2d at 454.  The instant action alleges wrongful imprisonment; House of Raeford Farms is therefore also inapposite.  (See Docs. 3, 4, 7.)

Construing Plaintiff's claims liberally, Plaintiff may be attempting to argue that his continued detention was an ongoing violation of his rights.  Wrongful detention claims accrue upon release from the wrongful detention.  See Willis v. Ruff, No. 24-CT-03102, 2024 WL 4982829, at *2 (E.D.N.C. Dec. 4, 2024) (claim for false imprisonment accrued upon release from county jail); Manuel

6

v. City of Joliet, 903 F.3d 667, 670 (7th Cir. 2018) (claim for false imprisonment (wrongful detention) accrues upon release from custody); Wallace v. Kato, 549 U.S. 384, 388 (2007) (holding that federal law defines when a 42 U.S.C. § 1983 claim accrues). Here, however, Plaintiff does not argue that his entire detention was wrongful. Rather, he argues only that his detention while appealing was wrongful. (See generally Docs. 2, 3.) The period of allegedly wrongful detention ended more than three years before he filed the instant action. Nothing Plaintiff claims calls the detention after that into question. (See Docs. 2, 3.) Accordingly, this argument, to the extent Plaintiff has attempted to make it, is likewise unavailing and provides no support to his objection.

Ultimately, Plaintiff offers no meritorious argument in support of the claims he makes in the objection to the Order and Recommendation. Thus, his complaint will be dismissed as frivolous because it is time-barred.

    **B.** **Plaintiff's Amended Complaint Does Not Alter the Court's Determination That Dismissal Is Warranted.**

After Plaintiff filed his objections, he filed a proposed amended complaint asserting additional facts and claims. (Doc. 7.) Amended pleadings are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides:

> If the pleading is one to which a responsive pleading is required, a party may amend its pleading once as a matter of course no later than 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(B) (citation modified). No responsive pleading has been filed in this case; no Defendants have been served. Thus, Plaintiff's amended complaint is allowed as a matter of course.

Accordingly, at this juncture, the court must conduct a frivolity review of Plaintiff's amended complaint. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Pursuant to § 1915, courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and "shall dismiss" any action that is "frivolous or malicious" or that "fails to state a claim on which relief may be granted." § 1915(e)(2)(B); see also § 1915A(b). Upon review, the court finds that Plaintiff's complaint, as amended, should be dismissed pursuant to § 1915(e)(2).

Plaintiff's amended complaint contains statements about statutes of limitations, most of which are unrelated and/or inapplicable to his claims in the instant action. (See Doc. 7 at 2 (discussing "Bivens civil rights actions," the Religious Freedom Restoration Act, the Americans with Disabilities Act, and "the equitable doctrine of laches").) Plaintiff again attempts to bring claims pursuant to the Eighth and Fourteenth Amendments. (Id. at 4.) Plaintiff also states the following in his "Claims for Relief"

8

section: "[a]lternate version of damage demand for segregated confinement reflecting Prison Litigation Reform Act (PLRA) physical injury requirement." (Id.)  This court finds all the above to be mere legal conclusions supported only by vague and conclusory statements and thus insufficient to state any cause of action.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff appears to attempt to argue that his claim in this action should be subject to a four-year statute of limitations. (Doc. 7 at 3.)  However, as stated in the Magistrate Judge's Order and Recommendation, Plaintiff is incorrect.  (Doc. 4 at 2.) Plaintiff has alleged claims under § 1983, which are subject to a three-year statute of limitations.  See DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) ("In cases brought under Section 1983, we apply the statute of limitations for personal injuries of the state in which the alleged violations occurred."); see also N.C. Gen. Stat. § 1-52(16) (establishing three-year statute of limitations for personal injury).

Therefore, ultimately, Plaintiff's amendment is futile because the amended complaint fails to state any plausible claim for relief.  Accordingly, the court finds Plaintiff's amended complaint to be frivolous or otherwise failing to state a claim. Mason v. Walmart Stores, Inc., No. 23-CV-226, 2024 WL 497137, at *3 (E.D.N.C. Feb. 8, 2024); see also 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); Bullard v. Young, No. 12-CT-3093, 2012 WL 8466136, at *1

9

(E.D.N.C. Aug. 22, 2012) ("A complaint may be found frivolous because of either legal or factual deficiencies."), aff'd, 510 F. App'x 305 (4th Cir. 2013); Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards . . . ."). Moreover, the court has also considered Plaintiff's amended complaint to the extent that it could be considered to contain objections to the Magistrate Judge's Order and Recommendation, and the court has made a de novo determination which is in accord with said Order and Recommendation. Elabanjo v. F & W Mgmt., No. 10CV518, 2012 WL 5493996, at *1 (M.D.N.C. Nov. 13, 2012). Accordingly, the Magistrate Judge's Order and Recommendation is adopted in full.

### C. **Plaintiff's Statement About Fees Raises a Moot Issue.**

Lastly, Plaintiff states the following:

> Also, I'm ordered to make an initial filing fee payment of $23.07, I have that in my account, but I can[']t get no one here to tell me how to get it out my account to send it in. So can some one call here & tell them I need that money took out my account?

(Doc. 6 at 2.) However, the docket indicates that the court received a payment of $23.07 on January 27, 2025, thus fulfilling the order by the Magistrate Judge that Plaintiff make an initial filing fee payment of $23.07. (See Doc. 4 at 4.) Accordingly, Plaintiff's statement is moot.

## IV. CONCLUSION

For these reasons, therefore,

IT IS ORDERED that Plaintiff's objections are overruled and the Magistrate Judge's Order and Recommendation (Doc. 4) is ADOPTED.

IT IS FURTHER ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915A for being frivolous.

A Judgment dismissing this action will be entered contemporaneously with this Order.

                                          /s/   Thomas D. Schroeder
                                          United States District Judge

February 11, 2026